

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MIKE ARNOLD | § | |
| | § | |
| v. | § | 2:07-CV-0258 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
### TO VACATE, SET ASIDE OR CORRECT SENTENCE

Came for consideration the section 2255 motion to vacate filed by petitioner MIKE ARNOLD on December 3, 2007. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends petitioner's motion to vacate be DENIED.

On August 10, 2007, petitioner entered a plea of guilty to the second superseding indictment charge of use of a communications facility in facilitating a felony. Petitioner submitted a Plea Agreement and a sworn Factual Resume wherein he admitted the elements of the offense. On October 25, 2007, petitioner filed a pro se motion for a stay of the criminal proceedings submitting, as justification for the stay, his filing for habeas corpus relief in the United States Supreme Court. On October 26, 2007, petitioner's motion for a stay was denied.

On November 13, 2007, the District Judge sentenced petitioner to a term of 30 months imprisonment and judgment was entered. On November 29, 2007, an Amended Judgment was entered. As of this date, petitioner has not filed a direct appeal challenging his conviction and/or sentence.

On December 3, 2007, petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. By his motion, petitioner challenges his conviction and sentence on the following grounds:

1. Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional and were never enacted as a matter of law and, thus, this Court was without jurisdiction to indict, prosecute or convict petitioner;

2. This Court failed to establish that the alleged crimes were committed in the Northern District of Texas when the Court failed to instruct the government they must find the *locus delecti* of the crimes charged and failed to properly allocute. The failure to find this essential element of the *locus delecti* of the crimes charged acts as the equivalent of a not-guilty verdict;

3. This Court never had jurisdiction over petitioner because the Court does not have territorial jurisdiction; and

4. Petitioner was denied effective assistance of counsel in that counsel failed to investigate the Court's jurisdiction and the legal basis for petitioner's indictment and conviction.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Petitioner's allegations of lack of jurisdiction raise constitutional issues cognizable in a 28 U.S.C. § 2255 motion. However, "a 'collateral challenge may not do service for an appeal.' " *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992) (en banc). These claims could have been raised on direct appeal but were not.[1] A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review, *i.e.*, by motion to vacate, must show "both 'cause' for his procedural default and 'actual prejudice' resulting from the

---

[1] Petitioner's claim of ineffective assistance, which is based solely on counsel's failure to investigate the jurisdictional issues, could also have possibly been raised on appeal as the claim would have been determined by the validity of the jurisdictional claims. In any event, the ineffective assistance claim is intertwined with defendant's claims 1-3.

error." *Shaid,* 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied,* 506 U.S. 1007 (1992). The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Petitioner has not asserted actual innocence, nor has he asserted cause and prejudice for his procedural default or overcome the procedural bar to raising the instant claims by a 2255 motion. Consequently, petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in State Custody" should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner MIKE ARNOLD be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of December 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).