IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MIKE ARNOLD | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-00258 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner has filed a motion to vacate, set aside or correct sentence by a person in federal custody. Petitioner contends (1) this Court lacked jurisdiction over his criminal case because 18 U.S.C. § 3231 of the Federal Code of Criminal Procedure was not lawfully enacted; (2) the Court lost Article III subject matter jurisdiction over petitioner when it did not admonish petitioner that the government was required to prove the charged offense was committed in the Northern District of Texas, and entered an unconstitutional order accepting petitioner's plea when the government did not prove petitioner's crimes were committed in the Northern District of Texas; and (3) the Court had no territorial jurisdiction over petitioner's case and/or authority to conduct "criminal proceedings" in the State of Texas. Petitioner further alleged (4) counsel was ineffective for failing to raise, before this Court, these same jurisdictional challenges to petitioner's prosecution.

A Report and Recommendation issued by the United States Magistrate Judge and was filed on December 5, 2007. In that Report and Recommendation, the Magistrate Judge recommended this Court deny petitioner's motion to vacate on the basis that petitioner procedurally defaulted his

claims. Specifically, the Magistrate Judge found petitioner could have raised his claims on direct appeal but did not, and had failed to demonstrate both cause for his procedural default or actual prejudice resulting from the alleged error.

Petitioner filed objections to the Report and Recommendation. In his objections, petitioner asserted he was "actually innocent" of the charged offense because the court lacked jurisdiction to hear his case. Petitioner also argued the merits of his claims should be heard because jurisdictional violations cannot be procedurally defaulted. Further, as cause for failing to raise his claims on direct appeal, petitioner asserted his attorney was responsible for filing any notice of appeal and raising these claims on appeal and was ineffective for failing to do so.

Petitioner's purported claim of "actual innocence" is merely another way of claiming this Court lacked jurisdiction. Such assertion of innocence does not establish an exception to the cause and prejudice test. Further, as detailed below, there were no jurisdictional violations in this case.

Assuming solely for purposes of argument that petitioner has established cause for not raising his claims on appeal, petitioner has not established he has been prejudiced by any constitutional error. Petitioner's claims that this Court lacked jurisdiction are without merit. Specifically, petitioner's claim challenging the constitutionality of the manner in which 18 U.S.C. § 3231 was enacted has been uniformly rejected by the federal courts. *See, e.g., United States v. Johnson,* 270 Fed. Appx. 191, 192 (3d Cir. 2008); *United States v. Potts,* 251 Fed. Appx. 109, 111 (3d Cir. 2007); *Goldsby v. United States,* 152 Fed. Appx. 431, 440-41 (6th Cir. 2005); *United States v. Barren,* 219 Fed. Appx. 560, 563 (7th Cir. 2007); *United States v. Yeomans*, 2009 WL 2338049 (D.Colo.July 27, 2009); *United States v. Risquet,* 426 F.Supp.2d 310, 311 (E.D. Pa. 2006); *Derleth v. United States*, 2006 WL 1804618 (S.D. Tex. June 27, 2006).

Petitioner's claim that the Court failed to admonish petitioner that the government had to prove petitioner's crimes were committed "in the Northern District of Texas" as charged in the indictment is frivolous.  Moreover, in his Factual Resume, petitioner averred:

> On or about December 12, 2006, *in the Amarillo Division of the Northern District of Texas*, the defendant, Mike Arnold, knowingly and intentionally used a communication facility, a telephone, in committing and facilitating the commission of a violation of Title 21, United States Code, Section 841, Possession With Intent to Distribute Methamphetamine.  In violation of Title 21, United States Code, Section 843(b).

Pursuant to petitioner' sworn statement, the government did, in fact, prove petitioner's alleged offense was committed "in the Northern District of Texas."

Further, petitioner's claim that this Court had no territorial jurisdiction over petitioner's criminal case is without merit.  "[T]here can be no doubt that Article III permits Congress to assign federal criminal prosecutions to the federal courts," and challenges to the territorial jurisdiction of the district courts are frivolous.  *United States v. Stabile*, 2005 WL 332446 at *1 (7th Cir. Feb. 2, 2005) (citing *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001)).

Consequently, petitioner's claims that this Court was without jurisdiction over his criminal case are without merit.  Further, counsel was not ineffective for failing to research and raise these frivolous issues before the trial court.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner MIKE ARNOLD be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of July, 2010.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).